UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA SINCERE                                    CIVIL ACTION

VERSUS                                            NO: 25-2099

GARY WESTCOTT ET AL.                              SECTION: "J"(3)

### ORDER AND REASONS

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 6)** filed by Defendants Gary Westcott and Warden Travis Day. Plaintiff Angela Sincere filed an opposition to the motion. (Rec. Doc. 9). Defendants filed a reply. (Rec. Doc. 10). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Defendants' motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This case concerns an employment dispute. Plaintiff Angela Sincere was employed as a Corrections Master Sergeant at the Louisiana Department of Public Safety and Corrections, B.B. Sixty Rayburn Correctional Center ("DOC"). (Rec. Doc. 1-2, at 2). On August 21, 2024, Plaintiff was seriously injured at work when she fell approximately eight feet through a hatch and down a flight of stairs. *Id.* at 3. Following this injury, Plaintiff did not return to work. *Id.* On September 3, 2024, Plaintiff completed an essential job function statement under the examination of Dr. Jason Rolling, Orthopedic Surgeon. *Id.* After examining Plaintiff, "Dr. Rolling noted that Sincere was unable to work in any capacity due to her injuries and would reevaluate her on the next visit." *Id.*

1

Under Civil Service Rule 12.6(a)(1), a civil-service employee may be non-disciplinarily removed "[w]hen, on the date the notice required by Rule 12.7 is mailed, hand delivered, or orally given, the employee is unable to perform the essential functions of his job due to illness or medical disability and has fewer than eight hours of sick leave."

On September 6, 2024, Plaintiff's supervisor, Warden Travis Day, issued Plaintiff a pre-deprivation notice, which proposed that she be non-disciplinarily removed because she had less than eight hours of sick leave remaining and was unable to perform her job due to her work-related injuries. (Rec. Doc. 1-2, at 4). Plaintiff responded and requested that an accommodation be provided. *Id.* However, on October 23, 2024, Warden Day drafted and sent a non-disciplinary removal notice to Plaintiff, which stated that she was to be terminated effective November 2, 2024. *Id.* at 5.

On November 18, 2024, Plaintiff appealed her non-disciplinary removal to the State Civil Service Commission ("CSC"). *Id.* In Plaintiff's appeal, she alleged that the DOC wrongfully removed her because they: (1) refused to allow her to use her annual leave (2) miscoded her leave (3) failed to provide detailed reasons for her removal, and (4) misapplied her sick leave to her time off work after the injury. (Rec. Doc. 6-2, at 1). The CSC ultimately dismissed Plaintiff's appeal. *Id.* at 2. Plaintiff then had a right to appeal the CSC's decision to the Louisiana First Circuit Court of Appeals. La. Const. art. X, § 12(A).

However, Plaintiff did not appeal the CSC's decision. Instead, on August 22, 2025, Plaintiff filed her Complaint in the 22nd Judicial District Court for the Parish of Washington. (Rec. Doc. 1-2, at 1). In her Complaint, Plaintiff brings disability discrimination claims, alleging that Defendants violated both Louisiana employment discrimination law and sections of the Federal Rehabilitation Act because they terminated her instead of providing a proper accommodation for her disability. *Id.* at 6–7. Plaintiff also brings a retaliation claim under Louisiana law, arguing that she was terminated because she took time off to recover for her injury and made a claim for worker's compensation. *Id.* at 7. After removing this matter to federal court, Defendants now move to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Rec. Doc. 1, at 5; Rec. Doc. 6).

## LEGAL STANDARD

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without

prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

4

## DISCUSSION

I.    **Subject Matter Jurisdiction**

Defendants argue that this Court lacks subject matter jurisdiction over all of Plaintiff's claims. (Rec. Doc. 6-1, at 12). Defendants contend that Plaintiff's claims are within the exclusive jurisdiction of Louisiana's State CSC. (Rec. Doc. 6-1, at 8).

Plaintiff makes two main arguments as to why this Court has jurisdiction over Plaintiff's claims. (Rec. Doc. 9, at 9–12). First, Plaintiff argues that the CSC lacks jurisdiction over claims concerning disability discrimination. *Id.* at 9. Second, Plaintiff argues that, because the CSC lacks the authority to award damages, she is not precluded from bringing a claim for damages outside the CSC. *Id.* at 10.

The Court agrees with Defendants. Article X § 12(A) of the Louisiana Constitution provides that "[t]he State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths." Louisiana courts have interpreted Article X of the Louisiana Constitution as "evidencing an intention to grant exclusive jurisdiction to the Civil Service Commission in those areas where the commission has exercised its 'broad and general rule-making' power." *Akins v. Hous. Auth. of New Orleans*, 2003-1086 (La. App. 4 Cir. 9/10/03), 856 So.2d 1220, 1222, *writ denied*, 2003-2781 (La. 12/19/03), 861 So.2d 574 (internal citations omitted); *Crockett v. State through Dep't of Pub. Safety and Corr. (La. State Penitentiary, Angola)*, 97-2528 (La. App. 1 Cir. 11/6/98), 721 So.2d 1081, 1083. The primary objective of this exclusive jurisdiction grant is to "preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified civil service employer-

5

employee disputes that are essentially employment-related." *Akins*, 856 So.2d at 1222 (citing *Crockett*, 721 So.2d 1081).

Both Louisiana courts and federal courts recognize that the CSC has exclusive jurisdiction over all removal and disciplinary matters concerning state civil service employees, and that exclusive jurisdiction extends to discrimination claims stemming from that employee's removal. This point is illustrated by the First Circuit of Louisiana's decision in *Shortess v. Dep't of Pub. Safety and Corr. Elayn Hunt Corr. Ctr.*, 2006-2313 (La. App. 1 Cir. 9/14/07), 971 So.2d 1051, *writ denied*, 2007-2293 (La. 1/25/08), 973 So.2d 761.

There, plaintiff Robert Shortess was an officer at Elayn Hunt Correctional Center (EHCC). *Id.* at 1053. EHCC notified plaintiff that he was being terminated pursuant to Civil Service Rule 12.6(a)(1) because he had fewer than eight hours of sick leave and was unable to perform the essential functions of the job. *Id.* Plaintiff appealed his termination to the CSC. *Id.* On appeal, plaintiff argued that EHCC's termination of his employment violated the Americans with Disabilities Act (ADA). *Id.* at 1053–54. EHCC argued that the CSC lacked jurisdiction over plaintiff's appeal because it raised an employment discrimination claim under the ADA. *Id.* at 1054. The CSC referee summarily dismissed plaintiff's appeal without a hearing, agreeing with EHCC and concluding that the CSC lacked jurisdiction to decide the merits of plaintiff's federal claim. *Id.* Plaintiff then appealed the CSC's referee's decision to the Louisiana First Circuit, arguing that the CSC referee erred by failing to consider whether his removal complied with the ADA. *Id.*

6

The Louisiana First Circuit agreed with plaintiff. *Id.* at 1055–56. The court held that "because a Rule 12.6(a)(1) termination is expressly subject to the ADA" the CSC must determine whether an employee's removal complied with the ADA. *Id.* at 1055. As the Court explained:

> By urging that his employer failed to reasonably accommodate his disabilities, Mr. Shortess squarely put the merits of his Rule 12.6 termination at issue before the Commission. Therefore, we hold that the Commission erred in refusing to hold a hearing to determine the merits of Mr. Shortess' failure to accommodate claim.

*Id.* at 1056. Here, like the plaintiff in *Shortess*, Plaintiff's claims stem from her termination. By arguing that she was unlawfully discriminated against because her employer failed to accommodate her disability and terminated her, plaintiff's disability discrimination claims fall squarely within her termination claim. Further, by arguing that she was retaliated against because her employer terminated her after she took time off and submitted a workers compensation claim, Plaintiff's retaliation claim also falls squarely within her termination claim. Accordingly, Louisiana law persuades this Court to find that Plaintiff's discrimination and retaliation claims are under the CSC's exclusive jurisdiction.

The Court also finds support for Defendants' position in federal court. In *Pike v. Off. of Alcohol & Tobacco Control of the La. Dep't of Revenue* plaintiff Lisa Pike, like Plaintiff here, argued that the CSC lacked exclusive jurisdiction over disability discrimination claims, regardless of whether those claims stemmed from termination. 157 F. Supp.3d 523, 534 (M.D. La. 2015). The court rejected this argument and held that the "CSC has exclusive jurisdiction over termination claims, including

7

termination claims based on disability discrimination." *Id.* at 541. *See also, Johnson v. Louisiana State University Health Science Center*, 2011 WL 3117862, *7 (W.D. La. Jul. 26, 2011) (holding that plaintiff was "precluded from pursuing her state law disability discrimination claims when she failed to raise that issue to the CSC as the basis of her alleged improper removal.") Accordingly, the Court finds that it lacks jurisdiction over Plaintiff's discrimination and retaliation claims.

Plaintiff's contention that she avoids the CSC's jurisdiction by seeking money damages is equally unavailing. Plaintiff cites *Huval v. State through Dep't of Pub. Safety & Corr., Off. of State Police*, where the Louisiana Supreme Court held that because the CSC was "powerless to award damages," Article X of the Louisiana Constitution did not preclude plaintiffs from bringing their tort claims in district court. 2016-1857, (La. 5/3/17); 222 So.3d 665, 672.

However, the Court finds *Huval* to be distinguishable, and that its holding does not extend to claims for damages stemming solely from an employee's removal. In *Huval*, the plaintiffs did not seek tort damages stemming solely from their termination. Rather, the plaintiffs brought tort claims related to their alleged wrongful prosecution by the Louisiana State Police. *Id.* (explaining that the plaintiffs "specifically allege tortious conduct occurred when the State Police twice took its 'fabricated' investigative findings to the Lafayette Parish District Attorney and requested a grand jury hearing on the matter.") The Court found that the State Police Commission was "powerless to award damages for the **type of tort damages** sought by the plaintiffs." *Id.* (emphasis added). In contrast, the Louisiana Supreme Court

8

explained that plaintiffs' terminations were "at the heart of their civil suit" which seems to suggest that the State Police Commission has "jurisdiction over such a matter." *Id*. The Court interprets this decision as consistent with the notion that the CSC has exclusive jurisdiction to hear Plaintiff's claims, even if she brought claims for damages stemming from her removal.

While Plaintiff seeks damages, an inspection of the record and the complaint reveals that her exclusive purpose in this suit is to contest the circumstances of her removal. Therefore, Plaintiff's claims are within the exclusive jurisdiction of the CSC, and she cannot circumvent or defeat this jurisdiction by styling her removal as discrimination or retaliation, or by seeking damages. *See Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 45, 105, (La. App. 2. Cir. 3/3/10), 32 So.3d 1041, 1044, 1049. (explaining that the CSC's exclusive jurisdiction to hear and decide removal and disciplinary cases is not based on "what damages are alleged by the aggrieved party" nor can they be "circumvented or defeated by styling a removal or disciplinary matter as a tort suit.") Plaintiff offers no authority for the proposition that seeking damages automatically allows her to bring her claims in district court. Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 6)** is **GRANTED,** and that all of Plaintiff's claims against Defendants are **DISMISSED with prejudice**, each party to bear its own costs.

New Orleans, Louisiana, this 13th day of February, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE